IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-278-BO

| | |
|---|---|
| VERNIECEE WHITAKER AVENT and the ESTATE OF LUCINDA ALSTON WHITAKER, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | )     O R D E R |
| STATE FARM FIRE AND CASUALTY, | )<br>)<br>) |
| Defendant. | ) |

This cause comes before the Court on defendant's motion to dismiss, plaintiffs' motion to amend their complaint, and defendant's motion to strike. The appropriate responses and replies having been filed or the time for doing so having expired, the matters are now ripe for ruling. For the reasons discussed below, defendant's motions to dismiss and to strike are denied and plaintiff's motion to amend is granted in part.

BACKGROUND

Plaintiffs, proceeding pro se, filed this action in Nash County Superior Court alleging that a home located at 707 Hammond Street in Rocky Mount, North Carolina incurred fire damage and that at the time of the damage plaintiff[1] had in full force and effect a written insurance policy with defendant. Plaintiff alleges that all premiums have been paid and that plaintiff has fully performed or been excused from performing all terms and conditions required by the policy. Plaintiff seeks a declaration that defendant is obligated to pay all sums up to the policy limits as well as allowable punitive damages for plaintiff's claim.

---

[1] Although two plaintiffs are named in the complaint, the body of the complaint refers to a singular plaintiff.

On May 20, 2016, defendant removed the action to this Court pursuant to its diversity jurisdiction. 28 U.S.C. §§ 1332; 1441. Defendant then moved to dismiss the complaint for failure to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff responded to the motion to dismiss and also filed a motion to amend the complaint. Thereafter plaintiff filed an amended complaint, which defendant has moved to strike.

DISCUSSION

The Court considers first plaintiffs' motion to amend the complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *See also Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (noting that the Supreme Court has declared that courts must heed the directive of Rule 15(a) that leave to amend be freely given). A court should only deny leave to amend a pleading when the amendment would be prejudicial to the opposing party, where there has been bad faith on the part of the moving party, or when the amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiffs seek to amend their complaint to add a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, a claim for fraud, and a claim for unfair and deceptive trade practices (UDTP). N.C. Gen. Stat. § 75-1.1. The Court agrees with defendant that the addition of these claims would be futile.[2] A RICO plaintiff must "adequately plead at least two predicate acts of racketeering that form a pattern of racketeering" in order to state a claim. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 233 (4th Cir. 2004) (internal quotation and citation omitted). A racketeering activity is defined to include,

---

[2] There has been no assertion that the proposed amendments were made in bad faith or would prejudice defendants.

2

Case 5:16-cv-00278-BO   Document 18   Filed 10/24/16   Page 2 of 5

*inter alia*, murder, kidnapping, extortion, wire fraud, and witness tampering. 18 U.S.C. § 1961(1). Although plaintiffs make brief mention of extortion by defendant, they have failed to plausibly allege at least two predicate acts of racketeering and thus allowing an amendment to include such claim would be futile. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint must allege enough facts to state a claim for relief that is facially plausible).

Plaintiffs also appear to seek to allege a claim for fraud in the selling of the insurance policy and in handling plaintiffs' claims. A claim for fraud must satisfy a heightened pleading standard, Fed. R. Civ. P. 9(b); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999), which plaintiffs' conclusory allegations do not do.

Plaintiffs have further failed to sufficiently allege a UDTP claim. In the context of insurance, the North Carolina Unfair and Deceptive Trade Practices Act is violated if an insurer employs unfair methods of competition or engages in unfair and deceptive acts as set out in N.C.Gen. Stat. § 58-63-15(11). *See ABT Bldg. Prod. Corp. v. Nat'l Union Fire Ins. Co. Of Pittsburgh*, 472 F.3d 99, 123 (4th Cir. 2006); *Gray v. N. Carolina Ins. Underwriting Ass'n*, 352 N.C. 61, 71 (2000). Plaintiffs have alleged, *inter alia*, that defendant misrepresented pertinent facts by failing to provide an accurate copy of the policy on request, failed to acknowledge and act reasonably promptly on communications by failing to respond to plaintiffs' repeated requests, failed to affirm or deny coverage within a reasonable time, and failed to attempt in good faith to effectuate prompt and fair settlement of claims in which liability has become clear. N.C.Gen. Stat. § 58-63-15(11)(g). Even construing plaintiffs' pro se claim liberally as it must, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds that plaintiffs' allegations are conclusory and fail to allege conduct which would demonstrate sufficiently substantial aggravating circumstances to

3

support an unfair and deceptive trade practice claim. *Broussard v. Meineke Discount Muffler Shops*, 155 F.3d 331, 347 (4th Cir. 1998).

The Court has also reviewed the allegations set forth in the amended complaint filed by plaintiffs without leave and finds that it provides sufficient enhancement to plaintiff's breach of insurance contract claim to survive the motion to dismiss. A claim for breach of contract requires a showing of a valid contract and breach, and when the contract is an insurance contract the insured has the burden of bringing itself within the language of the policy. *Nelson v. Hartford Underwriters Ins. Co.*, 177 N.C. App. 595, 606 (2006). Plaintiffs have alleged that the complaint arises out of property damage and loss from a fire which occurred on the insured property, that plaintiff was insured at the time of the fire under a home owner's liability policy issued by defendant, and that all premiums had been paid and that plaintiff had fully performed or been excused from performing all terms and conditions required by the policy. Plaintiffs further allege that defendant has been negligent of its duties under the terms of the policy. The Court finds that when liberally construed, plaintiffs' claim for breach of insurance contract states a claim for relief. Accordingly, the Court grants plaintiffs' motion to amend in part and denies defendant's Rule 12(b)(6) motion.

Finally, the Court addresses an issue not raised by defendant. This action was brought by two plaintiffs, Ms. Avent, presumably on behalf of herself, and the Estate of Lucinda Whitaker on behalf of itself. Although Ms. Avent has referred to herself as administrator in the original complaint, it is not clear from the filings whether Ms. Avent seeks to proceed on behalf of the plaintiff Estate as its administrator. "Although the Fourth Circuit has not yet directly addressed the issue of whether or under what circumstances a Plaintiff may proceed *pro se* on behalf of an estate, other circuits have held that where an administrator or executor of an estate is not the sole

beneficiary or where the estate has creditors, then he or she may not represent the estate *pro se* in federal court." *McAdoo v. United States*, No. 1:12CV328, 2014 WL 359043, at *1 (W.D.N.C. Feb. 3, 2014).

Here, there is no indication that Ms. Avent is the administrator of the plaintiff Estate or whether there are other beneficiaries or creditors involved. Ms. Avent shall therefore respond to this order not later than November 14, 2016, and clarify her suitability to proceed on behalf of the plaintiff Estate or otherwise retain counsel.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 6] is DENIED. Plaintiffs' motion to amend the complaint [DE 11] is GRANTED IN PART and DENIED IN PART. Plaintiffs shall file not later than November 14, 2016, an amended complaint reflecting the additional factual matter as alleged in the amended complaint filed on August 31, 2016. Plaintiff Avent shall by the same date respond to this order as directed above regarding the propriety of Ms. Avent proceeding on behalf of the plaintiff Estate. The clerk is DIRECTED to amend the docket to reflect that the amended complaint filed at docket entry sixteen is a proposed amended complaint. Defendant's motion to strike [DE 17] is DENIED.

SO ORDERED, this _21_ day of October, 2016.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 5:16-cv-00278-BO   Document 18   Filed 10/24/16   Page 5 of 5