IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-278-BO

| | |
|---|---|
| VERNIECEE WHITAKER AVENT AND THE ESTATE OF LUCINDA ALSTON WHITAKER, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | **ORDER** |

This case comes before the court on the motion to quash subpoenas for documents (D.E. 22) by plaintiffs Verniecee Whitaker Avent ("Avent") and the estate of Lucinda Alston Whitaker, Avent's mother (collectively "plaintiffs"), who are proceeding pro se. Defendant State Farm Fire and Casualty Company ("defendant") opposes the motion (*see* D.E. 26). For the reasons set forth below, the motion will be denied and the subpoenas will be enforced with a compliance deadline of 7 February 2017.

## BACKGROUND

This case arises out of a fire on 15 April 2013 at a home located at 707 Hammond Street in Rocky Mount, North Carolina ("707 property"). Am. Compl. (D.E. 19) at 1-3 ¶¶ 1-3. Defendant insured the home and plaintiffs claim that defendant has failed to fully compensate them for the loss of dwelling, personal property, and living expenses incurred. *Id.* at 3 ¶ 5. Plaintiffs contend that they are owed $28,492.61 in replacement costs for personal property, $78,578.00 for repairs, and $29,400.00 in living expenses. *Id.* at 10, Claim #6. Defendant

contends that its payments to plaintiffs in an amount totaling $224,969.47 fully compensated plaintiffs for their losses. *See generally* Def.'s Ans. (D.E. 21).

The four[1] subpoenas at issue were issued by defendant to nonparties City of Rocky Mount Planning Department ("the Planning Department") (D.E. 26-2 at 1-4), City of Rocky Mount Public Utilities ("Public Utilities") (D.E. 26-2 at 5-8), Cecil Boddie & Son ("Boddie") (D.E. 26-2 at 9-12), and James Harold Walker ("Walker") (D.E. 26-2 at 13-16) (collectively "the subpoenaed entities") on 12 December 2016. They call for production of the requested documents on 13 January 2017. The documents sought purportedly relate to plaintiffs' claims for allegedly unpaid damages, as discussed in detail below. Plaintiffs argue that all four subpoenas should be quashed because they are premature, do not allow reasonable time for compliance, are overbroad and unduly burdensome, and seek information not relevant to the claims and defenses in this case. The subpoenaed entities have not objected to the subpoenas.

## DISCUSSION

### I. APPLICABLE LEGAL PRINCIPLES

Rule 45 of the Federal Rules of Civil Procedure permits a party to issue subpoenas for the production of documents and other things from nonparties. *See* Fed. R. Civ. P. 45(a)(1)(C); Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."); *In re Subpoena to Robert Kochan*, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. 26 Nov. 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control.") (citing Fed. R. Civ. P. 45(a)(1)(C)). A nonparty served with a

---

[1] Defendant refers to only three subpoenas (*see* Def.'s Resp. (D.E. 26) 1), apparently treating the subpoenas to the City of Rocky Mount collectively.

subpoena may respond as requested, serve objections, or timely file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(d).

"Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given a broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

The court is also authorized to impose appropriate limitations on discovery. Rule 26 provides that the "court may, for good cause, issue an order to protect a party or person from

3

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* (c)(1)(A), (c)(1)(D). A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden. *Smith v. United Salt Co.*, No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. 9 Sept. 2009).

Generally, a party lacks standing to challenge a subpoena issued to a nonparty. *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 287 F.R.D. 377, 382 (S.D. W. Va. 12 July 2012). Standing may exist, however, where the party claims some personal right or privilege with respect to the documents sought. *Jason's Enter., Inc. v. Gen. Accident Ins. Co. of Am.*, Nos. 95-2553, 95-2554, 1996 WL 346515, at *5 (4th Cir. 25 June 1996); *see also* 9A Charles A. Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 2459 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."). The burden of showing that a personal right or privilege exists rests on the party claiming it. *Spilker v. Medtronic, Inc.*, No. 4:13-CV-76-H, 2014 WL 4760292, at *2 (E.D.N.C. 24 Sept. 2014) (stating that the party asserting a personal right or privilege in documents sought from nonparties bears the burden of demonstrating such privilege or right is applicable); *see also Papanicolas v. Project Execution & Control Consulting, LLC*, No. CIV.A. CBD-12-1579, 2015 WL 1242755, at *1 (D. Md. 17 Mar. 2015) (noting that "'[t]he burden of proving that a subpoena is oppressive is

on the party moving to quash'" (quoting *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012))).

**II.    ANALYSIS**

Review of each subpoena shows that plaintiffs have failed to meet their burden of showing that that they have any personal right or privilege with respect to any of the documents sought. They accordingly lack standing to challenge any of the subpoenas. In the alternative, even if the court were to construe the motion as one for a protective order, plaintiffs have failed to show that such relief is warranted.

The subpoena to the Planning Department seeks, in part, any permits, reports, or other documents for the period 1 January 2010 to the present relating to the 707 property. Defendant contends that these documents relate to the extent of the damages there. The subpoena also seeks the same types of documents for the same period for a property located at 701 Hammond Street in Rocky Mount, North Carolina ("701 property").[2] Avent purportedly directed that defendant send her mail at the 701 property during the handling of the insurance claim on the 707 property. It contends that the documents regarding the 701 property are relevant because the directive about mail suggests that Avent was living at that address, but plaintiffs claim expenses for living at another property, one rented from Boddie.

The documents sought from the Planning Department do not relate to any employment of plaintiffs or other matters that could confer on them any personal right or privilege with respect to the documents. Instead, the matters at issue are the repair of one dwelling and the rental of another one. Plaintiffs have not cited and the court is unaware of any state statutes or Rocky

---

[2] The subpoena states that it seeks documents related to "the property at 701-707 Hammond Street." D.E. 26-2 at 1. As the court's discussion indicates, it interprets this language to signify the properties at 701 and 707 Hammond Street. The Planning Department shall give the subpoena this meaning in responding to it.

5

Mount ordinances on governmental records or in any other area that otherwise confer on plaintiffs a personal right or privilege with respect to the documents sought from the Planning Department. The court concludes that there is none.

The subpoena to Public Utilities seeks copies of all utility bills for both the 707 and 701 properties for 1 January 2012 to the present. Defendant contends these documents are relevant to Avent's use of the 701 property as a residence and expenses purportedly incurred for it.

Again, the matter implicated by the subpoena to Public Utilities—use of public utility services—is not of a nature that would give rise to a personal right or privilege on plaintiffs' behalf. Plaintiffs have not cited and the court is unaware of any state statutes or Rocky Mount ordinances on governmental records that otherwise confer on plaintiffs a personal right or privilege with respect to the documents sought from Public Utilities. The court concludes that none exists.

The subpoena to Boddie seeks, in part, documents relating to repair work it has done at the 707 property from 1 January 2011 to the present. Defendant claims that Boddie had previously done work there similar to the work for which plaintiffs now seek damages. The subpoena also seeks documents showing payments from Avent to Boddie for rental of a property in 2013. Defendant argues that these documents relate to the living expenses plaintiffs are claiming.

Thus, the documents sought by the subpoena to Boddie relate to ordinary transactions between private parties, namely, repair of one home and the rental of another, as with the subpoena to the Planning Department. Although plaintiffs characterize the relationship between them and Boddie as confidential, these are not, in fact, matters that by their nature confer a

personal right or privilege on plaintiffs regarding the documents sought. Plaintiffs do not cite, and the court is unaware of, any provision of law that otherwise confers such a right or privilege. Again, the court concludes that there is not one.

Lastly, the subpoena to Walker seeks documents for the period 1 January 2011 to the present relating to work performed at the 707 property. Defendant argues that these documents are relevant because plaintiffs have submitted to defendant in support of their claim an estimate from Walker for radiator repair work allegedly necessitated by the fire. The matter implicated by the documents sought is simply repair of a home which, again, is not one that by its nature confers on plaintiffs a personal right or privilege with respect to the documents sought, and the law does not otherwise provide one. The court therefore concludes that plaintiffs lack any such right or privilege with respect to the documents sought in the subpoena to Walker.

Because plaintiffs lack standing to challenge the subpoenas, their motion to quash them is subject to denial on this basis alone. The court need not consider the merits of their objections.

In some cases, however, courts have construed motions to quash, in the alternative, as motions for a protective order under Rule 26(c) in order to reach the merits of the movants' objections, particularly when the movants are pro se. *See, e.g., Flame S.A. Glory Wealth Shipping Pte Ltd. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 12551212, at *2 (E.D. Va. 29 May 2014) (holding that even where plaintiff "is represented by counsel and repeatedly asks this Court to quash the subpoenas at issue instead of asking for a protective order . . . the Court will construe the motion as a request for a protective order under 26(c)"); *THI of S.C. at Charleston, LLC v. Vance*, No. 2:13-CV-01483-RMG, 2014 WL 896717, at *1 (D.S.C. 26 Feb. 2014) ("While Plaintiff does not have standing to bring a motion to quash under Rule 45, the

7

Court considers the motion as a motion for protective order under Rule 26."); *Sirpal v. Fengrong Wang*, No. CIV. WDQ-12-0365, 2012 WL 2880565, at *4 n.12 (D. Md. 12 July 2012) (noting that court could construe pro se plaintiff's motion to quash "as one for a protective order, and consider the Rule 26 factors, including relevance, in deciding the motion"); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'" (quoting *Estelle v. Gamble,* 429 U.S. 96, 106 (1976))); *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989) (noting that pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys). Doing so here would not salvage plaintiffs' motion.

The documents sought are relevant for the reasons advanced by defendant as discussed above. The subpoenas are reasonably tailored to obtain these documents and are therefore not overbroad. For this reason and in the absence of any showing by plaintiffs or objection by the subpoenaed entities that the documents sought are voluminous or difficult or costly to gather and produce, the subpoenas are not unduly burdensome.

While it is true that the subpoenas were issued prior to the discovery conference required under Federal Rule of Civil Procedure 26(f) was held, on 19 December 2017 (*see* D.E. 24 at 1), and were therefore premature under Rule 26(d)(1) (providing that a party may not seek discovery from any source before the conference, subject to exceptions not relevant here), the period of prematurity was relatively brief, less than a week. Moreover, the filing by plaintiffs of their motion, on 15 December 2016, has effectively suspended compliance with the subpoenas for several weeks. The parties are now more than a month into the discovery period. The court is also allowing the subpoenaed entities 14 days from the date of this order, 8 February 2017, in which to comply. Plaintiffs have demonstrated no prejudice from the premature issuance of the

8

subpoenas. To require the reissuance of them would disserve judicial efficiency by needlessly delaying proceedings in this case. The court concludes that, under the circumstances presented, the prematurity of the subpoenas is not a sufficient basis to block or limit the production they seek.

Lastly, plaintiffs' objection that the subpoenas do not provide sufficient time for compliance is meritless. The time for compliance specified in the subpoenas itself appeared to be ample—32 days from the date of issuance. The deadline for compliance provided for in this order means that the subpoenaed entities will have had almost two months to comply from the date of issuance. While defendant does not provide the date on which it served the subpoenas, it had every incentive to serve them promptly, and there is no indication that service was dilatory. Notably, none of the subpoenaed entities contend that they lack sufficient time to comply.

## CONCLUSION

IT IS THEREFORE ORDERED that plaintiffs' motion to quash (D.E. 22) is DENIED. Each of the subpoenaed entities—the Planning Department, Public Utilities, Boddie, and Walker—shall produce the documents sought by the subpoena issued to it no later than 8 February 2017. Defendant shall serve on the subpoenaed entities by email or telefax and by first-class mail a copy of this order within one day after its entry, and shall file a certificate of such service within three days after entry of this order. Defendant shall serve on plaintiffs all the documents it receives in response to the subpoenas within two days after such receipt.

SO ORDERED, this 25th day of January 2017.

_____
James E. Gates
United States Magistrate Judge