IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-278-BO

| | |
|---|---|
| VERNIECEE WHITAKER AVENT AND THE ESTATE OF LUCINDA ALSTON WHITAKER, </br></br> Plaintiffs, </br></br> v. </br></br> STATE FARM FIRE AND CASUALTY COMPANY, </br></br> Defendant. | **ORDER** |

This case comes before the court on three motions filed by plaintiffs Verniecee Whitaker Avent ("Avent") and the estate of Lucinda Alston Whitaker, Avent's mother (collectively "plaintiffs"), which are proceeding pro se: (1) a motion to order mediation (D.E. 29); (2) a motion to render a decision on plaintiffs' motion to quash (D.E. 30); and (3) a motion to compel defendant to disclose its attorney of record (D.E. 35). For the reasons set forth below, the motion to order mediation will be denied without prejudice, and the motions to render a decision on plaintiffs' motion to quash and to compel defendant to disclose its attorney of record will be denied as moot.

**Motion to Order Mediation**

In their motion to order mediation (D.E. 29), plaintiffs request that the court direct the parties to participate in mediation "pursuant to the interest of both the plaintiff(s) and the defendant and as documented in both discovery plans." Mediation Mot. 1. Defendant did not file any response to the motion, and the time to do so has expired.

Defendant's election not to respond to plaintiffs' motion implies that it consents to proceeding with a mediation at this time. In its discovery plan, however, defendant states that any

mediation should be held only after completion of substantial discovery. *See* Def.'s Disc. Plan (D.E. 24) ¶ 4(d) ("Settlement may not be able to be evaluated prior to May 31, 2017 [*i.e.*, the proposed date for identification by defendant of its experts]. It is agreed that, after that date, settlement may be enhanced by use of a mediated settlement conference, although nothing shall preclude the parties from mediating this case earlier if agreed."). Plaintiffs' motion does not specify a period in which they propose that the mediation be held. Their discovery plan does not serve to clarify when they would like the mediation to be held. *See* Pls.' Disc. Plan (D.E. 23) § III ¶ 14 ("Settlement may occur or be evaluated prior to January 30, 2017. It is agreed that, after January 30, 2017, settlement may be enhanced by use of a mediated settlement conference. Although this does not preclude the parties from mediating this case earlier if agreed. Mediator shall be selected by Plaintiff(s) unless directed by the court.").

There accordingly is ambiguity regarding the period in which plaintiffs propose that a mediation be held. There is also ambiguity regarding defendant's position on the timing of a mediation. In light of this ambiguity, the court declines to rule on the merits of plaintiffs' motion. The motion is therefore DENIED without prejudice.

Any further motion for a mediation by a party shall indicate (1) the period in which the movant proposes that the mediation be held by a range of dates or by other means and (2) whether a private or court-hosted mediation is proposed. Unless the motion is one to which all parties consent, the nonmovant(s) shall timely file a response to the motion that shall include the position of the nonmovant(s) on the foregoing two issues.

2

## Motion for Issuance of a Decision

The motion seeking the issuance of a decision on plaintiffs' motion to quash is moot. The court issued an order resolving plaintiffs' motion to quash (D.E. 22) on 25 January 2017 (D.E. 28). Plaintiffs' motion asking the court to render a decision on the motion to quash is therefore DENIED as moot.

## Motion to Compel Disclosure of Attorney

The motion seeking an order to compel defendant to disclose its attorney of record is also moot. Defendant's counsel has remained the same throughout this litigation. *See* 20 May 2016 Notices of Appearance (D.E. 2 & 4). While defense counsel has recently changed addresses, it advised plaintiffs of that fact by letter dated 13 February 2017. *See* D.E. 36-2. Plaintiffs' motion to compel defendant to disclose its attorney of record is therefore DENIED as moot.

SO ORDERED, this 8th day of March 2017.

_____
James E. Gates
United States Magistrate Judge