IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-278-BO

| | | |
|---|---|---|
| VERNIECEE WHITAKER AVENT and the ESTATE OF LUCINDA ALSTON WHITAKER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |

This case comes before the court on the motion (D.E. 39) filed by defendant State Farm

Fire and Casualty Company ("defendant") to deem admitted requests for admission it served on

plaintiffs Verniecee Whitaker Avent ("Avent") and the estate of Lucinda Alston Whitaker ("the

Estate") (collectively "plaintiffs") and to compel discovery responses. No opposition to the

motion has been filed. For the reasons set forth below, the motion will be allowed in part and

denied in part.

## I.  BACKGROUND

This case arises out of a fire on 15 April 2013 at a home located at 707 Hammond Street

in Rocky Mount, North Carolina ("707 property"). Am. Compl. (D.E. 19) 1-3 ¶¶ 1-3. Defendant

insured the home and plaintiffs claim that defendant has failed to fully compensate them for the

loss of dwelling, personal property, and living expenses incurred. *Id.* at 3 ¶ 5. Plaintiffs contend

that they are owed $28,492.61 in replacement costs for personal property, $78,578.00 for repairs,

and $29,400.00 in living expenses. *Id.* at 10, Claim #6. Defendant contends that its payments to

plaintiffs in an amount totaling $224,969.47 fully compensated plaintiffs for their losses. *See generally* Def.'s Ans. (D.E. 21).

On 24 January 2017, defendant served Avent with its first set of interrogatories, first requests for production of documents, and first requests for admission. Mot. ¶ 1; Disc. Reqs. (D.E. 39-1). Pursuant to Fed. R. Civ. P. 5(b)(2)(C), 6(d), 33(b)(2), 34(b)(2)(A), and 36(a)(3), Avent's responses to the discovery requests were required to be served by 27 February 2017. Mot. ¶ 3. On 27 February 2017, Avent filed with the court her responses to the interrogatories served by defendant (D.E. 34), but did not respond to the requests for production of documents or requests for admission. On 3 March 2017, defendant's counsel sent Avent a letter advising her of alleged deficiencies in her interrogatory answers and that it had not received responses to its requests for admission or requests for production of documents. 3 Mar. 2017 Ltr. (D.E. 39-2). Avent did not respond to the letter. Mot. ¶ 4. On 20 April 2017, defendant filed the instant motion. Plaintiffs did not respond to the motion.

## II.    APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories, requests for production of documents, and requests for admission. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 33 governs interrogatories. Fed. R. Civ. P. 33. It provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Rule 33 requires that a party served with interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory. *Id.*(b)(3). Objections not made timely are waived, subject to the court excusing the untimeliness for good cause. *Id.*(b)(4).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Requests for admission served pursuant to Rule 36 are designed to narrow the range of issues for trial, and the rule provides that a party may serve any other party with a request for the admission of the truth of any relevant matter that relates to statements, opinions of fact, or the application of law to fact. Fed. R. Civ. P. 36(a)(1); *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W. Va. 2010) ("'Rule 36(a)'s primary purposes are to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'" (quoting *Frontier-Kemper Constructors, Inc.* v. *Elk Run Coal Co.* 246 F.R.D. 522, 531 (S.D.W. Va. 2007) (internal citations omitted))). Rule 36 specifies the consequences of not serving timely responses:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3).

When a party withholds information on the basis of privilege, including work-product protection, he must expressly assert the privilege objection in response to the particular discovery request involved. Fed. R. Civ. P. 26(b)(5)(A). In addition, the party must serve with its discovery responses a privilege log in conformance with Rule 26(b)(5)(A). *See id.*

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). Rule 37 requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a

good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell*, No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

In addition, Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted absent, among other circumstances, when the opposing party's opposition to the discovery was substantially justified or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion absent the foregoing circumstances. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.* (a)(5)(C).

## III.  DISCUSSION

By its motion, defendant seeks an order deeming its requests for admission admitted and compelling plaintiffs to serve responses to the document production requests and supplemental answers to interrogatories. As an initial matter, because all of the discovery requests that are the subject of the motion were directed to Avent, and not to both Avent and the Estate collectively, the motion is DENIED to the extent it is directed to the Estate, and the Estate need not respond to the discovery requests.[1]

Defendant has duly certified that it attempted to resolve this matter without court intervention (*see* Mot. ¶ 4), in addition to detailing its efforts to resolve the matter, as noted. Having failed to respond to defendant's motion, Avent does not contest the relief defendant seeks or the grounds advanced by defendant for it. Irrespective of the unopposed nature of the

---

[1] The motion inconsistently refers in some places to plaintiff singularly as the target of the motion and in other places to plaintiffs collectively as the target.

5

motion, the court finds that Avent has failed to comply with her discovery obligations under Rules 26, 33, 34, and 36. The court has reviewed defendant's discovery requests and cannot say, subject to the two exceptions noted below, that they are outside the permissible scope of discovery. The court therefore ALLOWS IN PART AND DENIES IN PART defendant's motion as to Avent on the following terms:

### A. Requests for Production

No later than 20 July 2017, Avent shall serve on defendant her response to the first set of requests for production of documents. The response shall contain a response to each individual production request, otherwise meet the requirements of Rule 34(b)(2)(B)-(E),[2] and be duly

---

[2] These provisions read:

> (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
>
> (C) Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.
>
> (D) Responding to a Request for Production of Electronically Stored Information. The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form--or if no form was specified in the request--the party must state the form or forms it intends to use.
>
> (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(B)-(E).

executed pursuant to Rule 26(g)(1). Immediately above her response to a particular request, Avent shall set out the request to which the response relates.

Avent waived any objections to the production requests by her failure to respond timely to them. *See, e.g., Frontier-Kemper,* 246 F.R.D. at 528; *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001). Nevertheless, the court will permit her to assert proper claims of privilege (including, *e.g.*, attorney-client privilege, work-product protection) in her response to the production requests. This is the only objection Avent may assert. To properly claim a privilege, Avent must, in addition to expressly asserting it in response to the particular production request involved, serve with her discovery responses a privilege log in conformance with Rule 26(b)(5)(A). Any claim of privilege shall meet the requirements for the privilege asserted, including those addressed in this Order with respect to the attorney-client privilege and work-product doctrine. Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed. Avent shall serve with her response all documents as to which she does not assert a privilege objection. Failure by Avent to timely serve a proper response to the requests for production in accordance with this Order could result in the imposition of sanctions on her, as set forth below.

### B. Requests for Admission

While Rule 36 provides that a matter is admitted when a party fails to serve a written answer or objection, a court has discretion to permit additional time, which may be warranted particularly for cases involving pro se litigants. *See Wright v. Thomas*, 5:14-cv-85-BO, 2016 WL 44090631, at *1 (E.D.N.C. 24 Aug. 2016) (deferring ruling on motion to deem requests for

admission admitted to allow pro se plaintiff an additional opportunity to respond with a warning of consequences for failure to comply); *Simmons-Blount v. Guilford Cty. Bd. Of Educ.*, No. 1:06-CV-944, 2009 WL 962266, at *4 (M.D.N.C. 7 Apr. 2009) ("Where pro se litigants are involved, however, courts have been reluctant to grant summary judgment upon a failure to respond to requests for admission without first giving the pro se litigant notice and an opportunity to be heard on the issue."); *Jones v. Jack Henry & Assocs., Inc.*, No. 3:06cv428, 2007 WL 4226083, at *2 (W.D.N.C. 30 Nov. 2007) (declining to deem unanswered requests admitted where there was no evidence in the record that pro se plaintiff was ever notified of the consequences of failing to respond); *see also In re Savage*, 303 B.R. 766, 773 (D. Md. 2003) ("Federal Rule of Civil Procedure 36 was not intended to be used as a technical weapon to defeat the rights of pro se litigants to have their cases fairly judged on the merits."). There being no evidence that Avent was aware of the consequences of a failure to respond and to allow her case to proceed on the merits, the court declines to deem her responses admitted at this time. *See Anderson v. Crandell's Enters., Inc.*, No. 5:15-cv-272-BO, 2017 WL 657461, at *1 (E.D.N.C. 16 Feb. 2017) (declining to deem admissions as admitted due in part to interest in resolving disputes on the merits).

Accordingly, no later than 20 July 2017, Avent shall serve on defendant a response to defendant's first set of requests for admission, which shall contain a response to each individual request. Immediately above her response to a particular request, Avent shall set out the request to which the response relates.

Failure by Avent to serve proper responses to the requests for admission by 20 July 2017 will result in the court ruling that the requests shall be deemed admitted. In other words, the

court will rule that the matters addressed in each of the requests is deemed true for purposes of all further proceedings in this case.[3] Avent will not be able to contest the truth of these matters. Defendant could then ask the court to dismiss the case and seek other relief on the basis of the matters admitted. Failure to respond timely with proper responses to the requests for admission could also result in the imposition of other sanctions on Avent, as set forth below.

### C.    Interrogatories

The interrogatory answers served by Avent contain numerous deficiencies. Most basically, she failed to sign them or to do so under oath. She also failed to serve a privilege log, in accordance with Rule 26(b)(5)(A), despite repeated claims of privilege.

In addition, while Avent was required to answer each interrogatory fully to the extent it was not properly objected to, she generally gave incomplete answers. The answers reflected not a diligent effort to provide the information requested, but impermissible gamesmanship designed to avoid providing the requested information.

For example, she repeatedly denies knowledge of any "alleged loss" as inquired about, claiming instead she knows of the "actual loss" she purportedly suffered. *See* Resps. to Ints. Nos. 1, 2, 6(a), 8. But the introductory section to the interrogatories unambiguously defines "alleged loss" to mean "the loss you [*i.e.*, Avent] allege occurred on or about April 15, 2013 and which is the subject of the Complaint you filed in this matter." Ints. 1 ¶ C. It is entirely disingenuous and unacceptable for Avent to claim she knows of no "alleged loss." Certainly, by answering such interrogatories, she is in no way conceding that such loss is not actual.

---

[3] For example, if Avent does not timely serve a proper response to Request for Admission No. 40, the court will rule that defendant "paid you [*i.e.*, Avent] replacement cost benefits for all personal property items for which you provided documentation." Admission Req. No. 40. Avent would not later be permitted to argue or present evidence that defendant did not pay her replacement cost benefits as stated.

Avent also objects to the request for the identity of "each and every individual who inspected or observed the alleged damage" to the 707 property, in part, on the grounds that she does not remember "all the individuals" who inspected or observed the alleged damage. Resp. to Int. No. 1. Even if she does not remember all such individuals, she is still required to identify those whom she does remember or whose identity she can obtain through reasonable inquiry.

Avent responds to several interrogatories by stating that she previously submitted the requested information to defendant. *See* Resps. to Ints. Nos. 8, 10, 17, 20. That purported fact, though, does not excuse Avent from answering these interrogatories. Among other legitimate purposes, such interrogatories serve to show whether Avent stands by the information she submitted previously and to put the information provided in sworn form.

The converse objection Avent asserts is also improper. Specifically, the purported fact that Avent was not required by defendant or defendant's policy at issue to document or record particular information inquired about does not provide a valid basis for withholding the information. *See* Resps. to Ints. Nos. 6, 6(b)-(d).

Plaintiff objects several times that the number of interrogatories exceeds the limit of 25 established in the Scheduling Order (D.E. 27) 2 ¶ 4. *See* Resps. to Ints. Nos. 7, 9(a), 14. However, the court finds that the only interrogatory including discrete subparts subject to the limit is Interrogatory No. 6, which seeks information about both communications with defendant's representatives regarding inspection of the 707 property and actions taken by defendant's representatives during the inspection. Counting this interrogatory as two interrogatories leaves the total number below the limit of 25.

Avent objects that certain information requested is protected by the attorney-client privilege because it was prepared after commencement of this case while she was seeking counsel. *See* Resps. to Ints. Nos. 1-5, 6(c), 7. These circumstances do not, however, make the attorney-client privilege applicable, and this objection is meritless. *See, e.g., Humphreys, Hutcheson, & Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985). The privilege applies to communications with counsel and not necessarily even the information included in the communication. A party cannot insulate from discovery a fact by simply mentioning it to his or her lawyer. *See, e.g., Philadelphia v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831 (E.D. Pa. 1962).

Avent also objects to several interrogatories seeking information without reference to any documents containing it on the grounds that "[a]ny notes would have been prepared in anticipation of litigation and in preparation for trial." *See* Resps. to Ints. Nos. 1, 3, 4, 5, 6(c), 7. However, the fact that otherwise discoverable information is gathered in anticipation of litigation or for trial and recorded in a writing does not entitle it to protection under the work-product doctrine. *See, e.g., Casson Constr. Co. v. Armco Steel Corp.*, 91 F.R.D. 376, 384 (D. Kan. 1980) ("Furthermore, while communications may be privileged, facts are not, and the interrogatories cited above and others to which similar responses were interposed seek facts."). This objection is therefore baseless.

Avent also claims work-product protection in response to Interrogatory No. 2, which requests information about written or recorded witness statements. Such statements, if prepared by Avent or someone on her behalf in preparation for litigation, and information about the statements as such would be protected by the work-product doctrine. *See, e.g., Bryant v. Trexler*

*Trucking*, Civ. Act. No. 4:11–cv–2254–RBH, 2012 WL 162409, at *2-3 (D.S.C. 18 Jan. 2012). As noted, however, Avent failed to serve any privilege log, as required. Moreover, the identity of witnesses and information they have about the underlying facts at issue are generally not protected by the work-product doctrine and are discoverable. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

In response to Interrogatory No. 6, plaintiff states that she was not required to record or document any statements made by or to defendant during the inspection of the 707 property. Resp. to Int. No. 6. But that was not the question asked. The interrogatory seeks the content of the communications. Plaintiff must provide that information to the extent she has it after reasonable inquiry, irrespective of whether or not there was a request to record or document it.

Although plaintiff contends that Interrogatory No. 9 is confusing, its meaning is clear. It is a typical interrogatory seeking information about any expert witness Avent expects to call as a witness.

The information sought regarding the formation and net profits of the "Soo Dressy" business is relevant and otherwise discoverable. The fact that it relates to a business does not insulate it from discovery. The information provided shall be for the period starting with the year in which "Soo Dressy" was formed or 2012, whichever is later, and continuing up to and including 2015.

With respect to Interrogatory No. 12, seeking the identity of plaintiff's residences over the past ten years, the ten-year period shall be deemed to extend back from the date she serves her interrogatory answers. The dates Avent provides for each residence shall include the month, day, and year or, if Avent does not have all such information, so much of it as she is able to obtain after reasonable inquiry.

Plaintiff objects to Interrogatory No. 13, which seeks the identity of her past employers, but states no basis for the objection. The court finds that the information sought is discoverable.

The request in Interrogatory No. 15 for the identity of the attorney referenced in paragraph 19 of the amended complaint from whom she sought advice is not protected by the attorney-client privilege, as Avent alleges, and is otherwise discoverable. *See, e.g.*, *Behrens v. Hironimus*, 170 F.2d 627, 628 (4th Cir. 1948) ("The existence of the relation of attorney and client is not a privileged communication. The privilege pertains to the subject matter, and not to the fact of the employment as attorney, and since it presupposes the relationship of attorney and client, it does not attach to the creation of that relationship."). Any inquiry into whether she is considering retaining an attorney to represent her in relation to this case is, however, an inquiry into Avent's trial preparation and protected from disclosure by the work-product doctrine. Avent need not state whether an attorney may be representing her in this case unless or until an attorney is retained.

Interrogatory No. 18 asks for the identity of the individuals with whom Avent stayed immediately after the loss on 15 April 2013 she alleges. Her unexplained objection to this interrogatory is baseless, and the information sought is discoverable.

In response to Interrogatory No. 19, which requests the address of the property Avent leased after the alleged loss on 15 April 2013, Avent stated, in part, that "[t]he exact address is confusing as there was more than one location." Resp. to Int. No. 19. This is manifestly not a valid basis for withholding the information requested, which is discoverable.

The additional objections asserted by Avent not specifically discussed are meritless based on the principles set out herein.

Accordingly, no later than 20 July 2017, Avent shall serve on defendant complete answers to each of the interrogatories in the first set of interrogatories with two exceptions: (1) Interrogatory No. 2 as to witness statements prepared by her or on her behalf in anticipation of litigation or for trial and (2) the portion of Interrogatory No. 15 inquiring whether the attorney referenced in the amended complaint will be representing her in this case. Avent may respond that she does not remember or otherwise have the information requested by an interrogatory only after making reasonable inquiry to obtain the information sought. *See* Fed. R. Civ. P. 26(g)(1). The responses to the interrogatories shall be signed by Avent under oath. Immediately above her response to a particular interrogatory, Avent shall set out the interrogatory to which the response relates.

The court has ruled in this Order on all objections asserted by Avent in response to the interrogatories. She waived all other objections by not asserting them. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause excuses the failure."). Nonetheless, the court will permit Avent to assert any proper objection based on privilege not already asserted by her and ruled upon by the court. Any claim of privilege shall meet the requirements for the privilege asserted, including those addressed in this Order with respect to the attorney-client privilege and work-product doctrine. To properly claim a privilege, Avent must, in addition to expressly asserting it in response to the particular interrogatory involved, include the objection in a privilege log in conformance with Rule 26(b)(5)(A) served with her discovery responses. Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege

otherwise claimed. Failure by Avent to timely serve proper responses to the interrogatories in accordance with this Order could result in the imposition of sanctions on her, as set forth below.

### D.    Possible Sanctions

Failure by Avent to timely comply with this Order may result in the imposition of sanctions against her. These sanctions may include, but are not limited to: (1) directing that the matters embraced in this Order or other designated facts be taken as established for purposes of the action as defendant claims; (2) prohibiting Avent from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until this Order is obeyed; (5) dismissing this case in whole or in part; and/or (6) treating as contempt of court the failure to obey this Order. Fed. R. Civ. P. 37(b)(2)(A). These sanctions are in addition to the consequences of failing to timely serve proper responses to the requests for admission previously discussed.

### E.    Expenses

Defendant asks that the court require Avent to pay the reasonable expenses, including attorney's fees, incurred in filing its motion to compel. The court has already found that defendant made a good faith effort to resolve the discovery dispute at issue before filing its motion to compel, that Avent failed to comply with her obligations under the Federal Civil Rules, and that defendant is entitled to almost all the relief it sought in its motion. Although Avent has already had an opportunity to respond to defendant's request for expenses, she chose not to respond. Nonetheless, before allowing defendant's request for expenses, the court will provide Avent an additional time to be heard with respect to expenses.

15

Accordingly, defendant shall file by 5 July 2017 an affidavit setting out the reasonable attorney's fees and other expenses it claims, along with a supporting memorandum and any other supporting documents. Avent may file a response to defendant's filing within two weeks after it is served, but in no event later than 20 July 2017. She may address in her response not only the reasonableness of the expenses claimed by defendant, but also any grounds upon which she contends expenses should not be awarded against her. If Avent does not file a response by that date, the court will deem her to have no objection to the fees and other expenses claimed by defendant. The court will thereafter enter an order setting the amount due and the deadline for payment.

## IV.    CONCLUSION

In summary, for the reasons and on the terms set forth above, IT IS ORDERED as follows:

1.    The portion of defendant's motion seeking to compel from the Estate responses to its discovery requests is DENIED.

2.    The portion of defendant's motion seeking to compel from Avent responses to its requests for production of documents and supplemental responses to its interrogatories is ALLOWED.

3.    The portion of defendant's motion seeking to have its requests for admission deemed admitted is DENIED without prejudice.

4.    Defendant's request for expenses shall be subject to further briefing.

SO ORDERED, this 20th day of June 2017.

James E. Gates
United States Magistrate Judge