IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-278-BO

VERNIECEE WHITAKER AVENT,            )
ESTATE OF LUCINDA ALSTON WHITAKER    )
    Plaintiffs,                      )
                                     )
v.                                   )    **O R D E R**
                                     )
STATE FARM FIRE AND CASUALTY CO.,    )
    Defendant.                       )

This matter is before the Court on plaintiffs' motion to dismiss without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [DE 46] and defendant's response in opposition. [DE 47]. The matters have been fully briefed and are ripe for ruling. For the reasons discussed below, the motion to dismiss is granted without prejudice and the complaint is dismissed.

## BACKGROUND

This case arises out of a fire on August 15, 2013 at a home located at 707 Hammond Street in Rocky Mount, North Carolina. Am. Compl [DE 19] 1-3 ¶¶ 1-3. Defendant insured the home and plaintiffs claimed that defendant failed to fully compensate them for the loss of dwelling, personal property, and living expenses incurred. *Id.* at 3 ¶ 5. After numerous motions relating to discovery, plaintiff Avent's deposition was scheduled for June 6, 2017. When she did not appear, defendant moved for sanctions and to compel her to attend her deposition. On July 11, 2017, plaintiff moved to withdraw her complaint. Defendant filed a response in opposition to plaintiff's motion on August 1, 2017.

DISCUSSION

Plaintiff is proceeding *pro se* on behalf of herself and the estate of her mother. *Pro se* litigants are traditionally entitled to a certain amount of leniency from the courts. *Erickson v. Pardus*, 551 U.S. 89 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks omitted)). The relatively unsophisticated framing of a motion does not, on its own, prevent it from being successful. *See, e.g., Davis v. South Carolina Dept. of Corrections*, 2007 WL 2156699 (D.S.C. 2007) (treating *pro se* plaintiff's motion to "strike" his case from the Court docket as a Rule 41(a)(2) motion to dismiss).

Accordingly, this Court will treat plaintiff's motion to dismiss without prejudice as coming under Federal Rule of Civil Procedure 41(a)(2). This rule allows plaintiff to petition the Court for a dismissal of her claims, without prejudice, without a stipulation to the dismissal by the opposing party. Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Patten v. N. Carolina Dep't of Pub. Safety*, 2016 WL 1595382 at *2 (E.D.N.C. 2016) (quoting *Andes v. Versant Corp.*, 788 F.2d 1033 (4th Cir. 1986). A plaintiff's motion under the rule "should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp*, 788 F.2d 1033, 1036 (4th Cir. 1986)). Prejudice must be some harm "other than the mere prospect of a second lawsuit." *Patten* at *2.

In its response opposing plaintiff's motion, defendant indicates the harm it would suffer would be plaintiff's "opportunity to refile the action." Def. Mot. at 2 [DE 47]. Defendant does not allege harm such that plaintiff's Rule 41(a)(2) motion should be denied. Therefore, plaintiff's motion to dismiss her claim without prejudice will be granted, and defendant's motion opposing

the dismissal will be denied. As the claim is dismissed, defendant's motions for sanctions and to compel plaintiff to attend her deposition will also be denied.

While the dismissal is without prejudice, meaning plaintiff, should she so choose, could bring the lawsuit again, the Court cautions that generally a plaintiff proceeding *pro se* cannot litigate on behalf of another party. *See Myers v. Loudoun Cty. Pub. Sch.,* 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*.") (emphasis in original). In the limited setting where a *pro se* plaintiff is also the administrator of an estate, and there are no other beneficiaries or creditors, some circuits have permitted a plaintiff to proceed on behalf of the estate as well. *See, e.g., Rodgers v. Lancaster Police & Fire Dept.,* 819 F.3d 205, 211 (5th Cir. 2016); *Bass v. Leatherwood,* 788 F. 3d 228, 230-31 (6th Cir. 2015); *Guest v. Hansen,* 603 F.3d 15, 19-21 (2d Cir. 2010). The Fourth Circuit has yet to directly address whether a plaintiff may do so. *See Witherspoon v. Jeffords Agency, Inc.,* 88 Fed. Appx. 659, 659 (4th Cir. 2014) (unpublished) (remanding a case to determine "whether there are other beneficiaries, and whether there are any creditors involved."). Should plaintiff elect to take advantage of the non-prejudicial nature of the dismissal, plaintiff would need to clearly show that she can proceed.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to dismiss without prejudice [DE 46] is GRANTED and defendant's motion for sanctions and other relief [DE 44] is DENIED. The Clerk is DIRECTED to enter judgment accordingly and close the case.

SO ORDERED, this 18th day of September, 2017.

3

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE